Henry J. Latham, J.
In an action for judgment declaring whether a policy of automobile insurance constitutes a binding and enforeible agreement between the defendants herein and for a direction that defendant Merchants Mutual Insurance Co. defend the lawsuit instituted against the defendants MacDougall, in accordance with the terms of the policy, plaintiff, who was allegedly injured in an accident, moves for summary judgment.
Defendant, Merchants Mutual Insurance Co., cross-moves for summary judgment on its cross claim against defendants MacDougall for a declaration that by reason of a breach of the policy it is relieved from liability thereunder and is under no obligation to indemnify against or defend claims arising out of an accident that occurred on September 25, 1960, involving a car owned by defendant Esther MacDougall and driven by her son, defendant Robert MacDougall.
*801 At the time of this accident Esther MacDougall had a policy of automobile liability insurance issued by defendant Merchants Mutual Insurance Co., which provided, in pertinent part, as follows: “8. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.”
On or about January 3, 1961, Merchants Mutual Insurance, Co. sent a letter of disclaimer to the insured and forwarded a copy to the office of plaintiff’s attorney, in which it stated that due to the fact that it was not notified of the accident until December 8, 1960, it elected to disclaim under the above-quoted provision of the policy.
The moving parties contend that the delay of 75 days in giving notice to the insurance company is a question of law that can be disposed of on this motion. Defendant, Merchants Mutual Insurance Co., in an affidavit sworn to May 1,1961, states that investigators who interviewed defendants Esther and Robert MacDougall were informed of nothing “ except oversight which delayed such notice, and the injuries were sufficiently serious so that there could be no possibility of belief on their part that no real or reportable accident had taken place.”
In her affidavit in opposition to the cross motion, the insured defendant states that on the date of the accident she was in the process of moving from her home to another in the neighborhood and the sole reason given for her failure to notify the company is that “ She was informed by her son that he had been involved in an accident and she understood from him that he would report the accident to the insurance company. In this mistaken belief she never took any further action to notify the insurance company.”
It is well settled that the provision of the policy in question requires that written notice be given within a reasonable time under all of the circumstances. (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127.) Delay on the part of an insured to give notice may be excused where he lacks knowledge of the accident or of an injury and also where there is a justifiable lack of knowledge of the fact that there was insurance coverage. If such excuses are claimed, then there is a triable issue as to whether the notice was timely. (Gluck v. London & Lancashire Ind. Co., 134 N. Y. S. 2d 889, affd. 2 A D 2d 751, affd. 2 N Y 2d 953.) Where no excuse is offered, the question of whether *802 notice is timely is one of law for the court. (Greenwich Bank v. Hartford Fire Ins. Co., 250 N. Y. 116, 128.)
In the case at bar, neither the insured nor the driver claimed that they did not have knowledge of the accident or of an injury or that there was insurance coverage. The sole reason offered by the insured is that she understood from her son that he would report the accident to the insurance company.
The court is of the opinion that this explanation constitutes no reasonable excuse and that the question of whether notice was timely is, therefore, one of law for the court. (Greenwich Bank v. Hartford Fire Ins. Co., supra.) The court finds that under the circumstances presented herein the 75-day delay in notifying the insurance company of the accident was a breach of condition of the policy and entitled the company to disclaim liability under the policy.
Accordingly, plaintiff’s motion for summary judgment is denied and the cross motion is granted. Defendant Merchants Mutual Insurance Co. is hereby relieved from liability under policy No. A106949 and is under no obligation to indemnify against or defend claims arising out of the accident which occurred on September 25, 1960. There will be no costs to either party.